UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WAYNE RICHARDS, on behalf of himself,
individually, and on behalf of all others similarly-situated,

                    Plaintiff,

     -against-

EMPIRE SCAFFOLDING SYSTEMS, INC., and
DEMARI INSTALLATIONS CORP., and
ANTONIOS MAMOUNAS, individually,

                    Defendants.
------------------------------------------------------------------X

**COMPLAINT**

Docket No.:   21-cv-6638

Jury Trial Demanded

Plaintiff, WAYNE RICHARDS, on behalf of himself, individually, and on behalf of all others similarly-situated (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against EMPIRE SCAFFOLDING SYSTEMS, INC. ("Empire Scaffolding"), and DEMARI INSTALLATIONS CORP. ("Demari"), and ANTONIOS MAMOUNAS, individually ("Mamounas"), (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**NATURE OF CASE**

1.     This is a civil action for damages and equitable relief based upon Defendants' violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2 (iii) the NYLL's requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); (iv) the NYLL's requirement that employers provide on each payday a wage statement to their employees containing specific

1

categories of accurate information, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two corporations that operate as a single enterprise that provides scaffolding services throughout New York City and its surrounding areas and the enterprise's owner and day-to-day overseer - - as a laborer from 2005 until March 2019. As described below, throughout the entirety of Plaintiff's employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action, plus an additional 216 days pursuant to Governor Andrew M. Cuomo's tolling orders, through the end of Plaintiff's employment ("the Relevant Period"), Defendants willfully failed to pay Plaintiff overtime wages lawfully due to him under the FLSA, the NYLL, and the NYCRR.  Specifically, Defendants required Plaintiff to work, and Plaintiff did routinely work, more than forty hours in a workweek, but Defendants failed to compensate him at the statutorily required overtime rate of one and one-half times his regular rate of pay for all hours that he worked per week in excess of forty.  Instead, Defendants paid Plaintiff on an hourly basis at his regular rate of pay for all hours of work, including those hours that he worked in a week in excess of forty.

3. Furthermore, Defendants violated the NYLL by failing to: pay Plaintiff, a manual laborer, all of his wages owed at least as frequently as on a weekly basis, paying him biweekly instead; and provide Plaintiff with an accurate wage statement on each payday.

4. Defendants paid and treated all of their non-managerial laborers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period

who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8. At all times during the Relevant Period, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

9. At all relevant times, Defendant Empire Scaffolding was and is a New York corporation with its principal place of business located at 38-70 Review Avenue, Long Island City, New York 11101. Empire Scaffolding is also registered with the New York State Department of State to receive service at that same address.

10. At all relevant times, Defendant Demari was and is a New York corporation with its principal place of business located at 3312 Merritt Avenue, Bronx, New York 10475. Demari is also registered with the New York State Department of State to receive service at that same address.

11. At all relevant times, Defendant Mamounas was and is the owner and day-to-day overseer of Defendants Empire Scaffolding and Demari, who in that role was and is responsible for making all personnel-related decisions for employees of both Empire Scaffolding and Demari, including but not limited to the hiring and firing of all employees, the setting of employees' hours, rates, and methods of pay, and the maintenance of all employment records, including those decisions and records with respect to Plaintiff and FLSA Plaintiffs.

12. Moreover, although legally distinct entities, Defendants Empire Scaffolding and Demari, in practice, operate as a single enterprise in that both entities are commonly owned, managed, and controlled financially, specifically by Defendant Mamounas, and they co-mingle employees to the point where their employees do not know for which entity they are performing work at any given time.

13. At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendants Empire Scaffolding and Demari's qualifying annual business exceeded and exceeds $500,000.00, and these Defendants were and are engaged in interstate commerce within the meaning of the FLSA as they employed and employ two or more employees, and as they regularly use as part of their business materials and tools from vendors located in states other than New York, such as rope and wheel systems, accept payments in cash that naturally moves across state lines, service clients in states other than New York, including New Jersey, and accept credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Empire Scaffolding and Demari to the FLSA's overtime requirements as an enterprise with respect to all of Defendants' employees.

**COLLECTIVE ACTION ALLEGATIONS**

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation, as well as liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as a laborer, or in another similar position, and who consent to file a claim to recover damages for unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all times relevant to the FLSA, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty. Indeed, Defendants were previously sued twice for, *inter alia*, alleged FLSA overtime violations, during which they undoubtedly became familiar with the FLSA and its requirements to pay their non-exempt employees at the rate of one and one-half times their respective regular rates for all hours worked in a week over forty. *See Ungur v. Demari Installations Corp. et al.*, 1:18-cv-06061 (BMC) (E.D.N.Y.); *Lopez et al v. Tower Services Inc. et al.*, 1:16-cv-00961 (ST) (E.D.N.Y.).

Nonetheless, they purposefully and willfully chose, and continue to choose, not to pay Plaintiff and all FLSA Plaintiffs in accordance with the FLSA's overtime provisions, even going so far, as described below, to pay Plaintiff and FLSA Plaintiffs in cash for only their hours worked over forty in a week and by check for all hours up to forty.

17.   Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation at the statutorily-required rate for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

18.   Defendants Empire Scaffolding and Demari are two nominally distinct entities that operate as a single enterprise that provides scaffolding services throughout New York City and surrounding areas.  To that end, Defendants share their management, comingle employees, and centralize their hiring process and payroll functions.

19.   Defendant Mamounas owns, operates, and manages Defendants Empire Scaffolding and Demari, and as such is responsible for all matters with respect to hiring, firing, and disciplining employees, as well as determining all employees' rates and methods of pay and hours worked, and for distributing work duties.  Indeed, Mamounas personally hired and fired Plaintiff, set Plaintiff's work schedule and job assignments, and set and paid Plaintiff his wages.  Mamounas was also responsible for maintaining employment records for all of Defendants' employees, including Plaintiff.

20.   Plaintiff worked for Defendants from 2005 to March 2019 as a non-managerial laborer at various job sites throughout New York City and surrounding areas, performing substantial work in Manhattan and the Bronx.  In that role, Plaintiff's primary job duties consisted

of erecting and disassembling scaffolding.  Well in excess of twenty-five percent of Plaintiff's job duties required him to engage in physical activities and therefore perform manual labor.

21. At all times during the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact typically work, six days per week, Monday through Saturday from 7:00 a.m. to 3:00 p.m. with one thirty-minute lunch break each day.  Approximately once a month, Defendants additionally required Plaintiff to work those same hours on Sunday.  Accordingly, at all times during the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact work, either forty-five or fifty-two and one-half hours in a week

22. In exchange for his work, Defendants paid Plaintiff on an hourly basis, for all hours of work that he performed, including those hours that Plaintiff worked in a week over forty, as follows: $22.00 from January 2015 through July 2015; $24.50 from July 2015 through July 2017; and $26.00 from July 2017 through the end of Plaintiff's employment in March 2019.

23. At no point during the Relevant Period did Defendants pay Plaintiff at the rate of one and one-half times his regular hourly rate for the hours that Plaintiff worked over forty in a week.

24. By way of example only, during the week of July 23 through July 29, 2018, Defendants required Plaintiff to work, and Plaintiff did in fact work, the following schedule, with one uninterrupted thirty-minute break during each of his shifts:

    Monday, July 23, 2018: 7:00 a.m. until 3:00 p.m.;

    Tuesday, July 24, 2018: 7:00 a.m. until 3:00 p.m.;

    Wednesday, July 25, 2018: 7:00 a.m. until 3:00 p.m.;

    Thursday, July 26, 2018: 7:00 a.m. until 3:00 p.m.;

    Friday, July 27, 2018: 7:00 a.m. until 3:00 p.m.;

>Saturday, July 28, 2018: 7:00 a.m. until 3:00 p.m.;
>
>Sunday, July 29, 2018: 7:00 a.m. until 3:00 p.m.

Accordingly, Plaintiff worked a total of fifty-two and one-half hours during this week. In exchange for his work this week, Defendants paid Plaintiff at his regular hourly rate of $26.00 for all hours worked, including the twelve and one-half hours that he worked during that week in excess of forty.

25. At all times during the Relevant Period, Defendants paid Plaintiff biweekly by a combination of payroll check and cash, paying Plaintiff for his hours up to twenty-four in a week by check and the remainder in cash.

26. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his total hours worked that week, his overtime rate of pay for every hour that he worked over forty, or his total compensation.

27. Defendants treated Plaintiff and FLSA Plaintiffs in the same manner described herein.

28. Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

29. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

30. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a work, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

34. Defendants willfully violated the FLSA.

35. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the NYLL and the NYCRR*

37. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCRR.

40. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

41. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Timely Wages in Violation of the NYLL*

43. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 191(1)(a) requires that employers pay their "manual worker" employees all wages owed on at least as frequently as a weekly basis.

45. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action were/are "manual workers" within the meaning of the NYLL.

46. As also described above, Defendants failed to compensate Plaintiff and any FLSA Plaintiff who opts-into this action with all wages owed on at least as frequently as a weekly basis.

47. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all wages to manual worker employees on at least as frequently as a weekly basis.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

48. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49. NYLL § 195(3) requires that employers furnish employees with a wage statement containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

50. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL.

51. As also described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action with a wage statement that accurately contained the criteria required under the NYLL.

52. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $100 for each workweek that the violation occurred, up to a statutory cap of $2,500 per person.

53. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $250 for each workday that the violation occurred, up to a statutory cap of $5,000 per person.

## DEMAND FOR A JURY TRIAL

54. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
   August 5, 2021

              Respectfully submitted,

              BORRELLI & ASSOCIATES, P.L.L.C.
              *Attorneys for Plaintiff*
              910 Franklin Avenue, Suite 200
              Garden City, New York 11530
              Tel. (516) 248-5550
              Fax. (516) 248-6027

              CAROLINE SHULIM, ESQ. (CT 0437)
              ALEXANDER T. COLEMAN, ESQ. (AC 1717)
              MICHAEL J. BORRELLI, ESQ. (MB 8533)