```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/1/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

WAYNE RICHARDS, Individually, and on     :
behalf of all others similarly situated,     :
    :
                  Plaintiffs,    :         21-CV-6638
    :
        -against-      :      OPINION AND ORDER
    :
EMPIRE SCAFFOLDING SYSTEMS, INC., and  :
DEMARI INSTALLATIONS CORP., DEMARI  :
SERVICES, INC., and ANTONIOS     :
MAMOUNAS, individually,     :
    :
              Defendants.   X

-------------------------------------------------------------

VALERIE CAPRONI, United States District Judge:

Plaintiff Wayne Richards brings this action against Defendants Empire Scaffolding

Systems, Inc., Demari Installations Corp., Demari Services, Inc., and Antonios Mamounas for

alleged violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq*., and the

New York Labor Law ("NYLL"), NYLL § 160.[1]  *See* Am. Compl., Dkt. 38.  Plaintiff moves for

conditional certification of a collective action pursuant to Section 216(b) of the FLSA, as well as

expedited production of contact information for potential collective action members, and to

disseminate notices and reminder notices to potential members inviting them to join in this

action.  *See* Not. of Mot., Dkt. 18; Pl. Mem., Dkt. 19.[2]  Defendants oppose the motion.  Def.

---

[1]    Opt-in Plaintiff Carlos Dominguez consented to join this action on November 29, 2021.  *See* Dominguez Decl. at ¶ 1 (Dkt. 24).  Mr. Dominguez and Mr. Richards are referred to herein collectively as the "Plaintiffs."

[2]    In the reply to Defendants' motion to dismiss, Plaintiff sought to amend his complaint to join a new defendant identified in Defendants' opposition papers (Demari Services, Inc.) and to "conform" the allegations in his complaint to his sworn declaration.  *See* Pl. Reply at 14 (Dkt. 26); *id.* Ex. 5; Order, Dkt. 28.  The Court set a briefing schedule in the event that Defendants refused to consent to Plaintiff's amending the complaint.  *See* Dkt. 28.  Defendants opposed the motion to amend.  *See* Dkt. 33.  On June 24, 2022, this Court granted Plaintiff's motion to amend the complaint, which now names Demari Services, Inc. as a party Defendant in this action.  *See* Order, Dkt. 37; Am. Compl., Dkt. 38.

Mem., Dkt. 25.  For the reasons discussed below, Plaintiff's motion is GRANTED in part and DENIED in part.

## BACKGROUND

Wayne Richards worked for Defendants as a non-managerial laborer from 2005 until March 2019 at various job sites throughout New York City.  Pl. Mem. at 2.  Defendants provide scaffolding services throughout New York City and the surrounding areas.  Pl. Mem. at 2; Am. Compl. ¶ 2.  Plaintiff's primary job duties required physically installing or removing scaffolding on buildings.  Pl. Mem. at 3.  Carlos Dominguez, an opt-in plaintiff ("Dominguez," and with Richards, "Plaintiffs"), worked as a non-managerial laborer or mechanic from in or around 2016 to 2019.  *Id.*  Mr. Dominguez's primary job duties also consisted of physically installing or removing scaffolding.  *Id.*  Both Plaintiffs allege that they were "routinely required . . . to work in excess of forty hours per week," *id.*, and that Defendants willfully failed to pay them overtime "pursuant to a company-wide policy applied to all of their non-managerial laborers, mechanics, and/or those in similar positions," *id.* at 4.

On August 5, 2021, Richards filed this action on behalf of himself and on behalf of all others similarly situated, seeking relief for Defendants' alleged violations of the overtime provisions of the FLSA, as well as various provisions of the NYLL and its supporting regulations.  *Id.* at 1.  On September 13, 2021, Defendants answered.  *See* Dkt. 9.  On November 29, 2021, Dominguez filed his consent to become a party in this collective action, thereby becoming the only opt-in plaintiff thus far.  Dkt. 12.  The parties participated in mediation on January 28, 2022, during which they exchanged limited discovery; the parties were unable to reach a resolution.  *See* Dkts. 12, 16.

2

On February 14, 2022, Plaintiffs moved for conditional certification of a collective action "consisting of current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as non-managerial laborers, mechanics, and/or in another similar position."  Not. of Mot. at 1.  Defendants oppose the motion.  Def. Mem.

## DISCUSSION

### I.    Legal Standard

The FLSA permits employees to maintain an action for and on "behalf of . . . themselves and other employees similarly situated."  29 U.S.C. § 216(b).  In determining whether to certify a collective action, courts in the Second Circuit use a two-step process.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010).

At the notice stage, a plaintiff must establish that other employees "may be 'similarly situated'" to them.  *Id.* at 555.  To meet this burden, the plaintiff need only "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'"  *Id.* (citations omitted).  Although the burden is "modest," "it is not non-existent," *Fraticelli v. MSG Holdings, L.P.*, 2014 WL 1807105, at *1 (S.D.N.Y. May 7, 2014) (quoting *Khan v. Airport Mgmt. Servs., LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011)), and generally cannot be satisfied by "'unsupported assertions,'" *Myers*, 624 F.3d at 555 (citation omitted).  Courts nonetheless employ a "low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist."  *Id.* (citation omitted) (emphasis in original).  Courts do not examine "whether there has been an actual violation of law."  *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) (citing *Krueger v. N.Y. Tel. Co.*, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)).

At the second stage, when the court has a more developed record, the named plaintiffs must prove that "the plaintiffs who have opted in are *in fact* 'similarly situated'" to the named plaintiffs and that they were all subject to an illegal wage practice. *She Jian Guo v. Tommy's Sushi Inc.*, 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (quoting *Myers*, 624 F.3d at 555) (emphasis in original). The action may be "'de-certified' if the record reveals that [the opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." *Myers*, 624 F.3d at 555.

## II.    Plaintiffs Meet the Notice-Stage Burden

Plaintiffs have met their burden of demonstrating that other employees may be similarly situated for purposes of conditional certification. First, Plaintiffs indicate that they personally observed other crew members performing similar duties, and that those crew members reported to and left work at or around the same time as Plaintiffs. Pl. Mem. at 5. Plaintiffs base their observations on the fact that Defendants required non-managerial laborers and mechanics "to work in crews of between four to seven at any one time at a particular job site," and Plaintiffs claim to have worked on occasion at the same job site with other laborers who were assigned to a different crew, and who performed similar duties. Pl. Mem. at 5; Richards Decl. ¶ 10. Plaintiffs collectively recall conversations with some of these workers in which they discussed their compensation and the lack of overtime pay. Pl. Mem. at 5. Plaintiffs indicate that these other laborers were also paid on an hourly basis at their regular hourly rate for all hours worked and did not receive overtime compensation. Pl. Mem. at 4–5; Richards Decl. ¶ 10; Dominguez Decl. ¶ 9. Specifically, Mr. Richards recalled having "multiple conversations with Walter Lewandowski, Pedro Garcia, Regal [first name unknown], and other laborers . . . in which we would compare our paychecks and complain to one another about, among other things, the hours

that we were working and the fact that Defendants were not paying us overtime premiums for

our hours worked in a week over forty." Richards Decl. ¶ 12.  Similarly, Plaintiffs recalled

occasions in which they and other laborers, who performed similar duties, complained to their

foremen and Defendants about having to work more than forty hours per week without receiving

overtime compensation.  *See id.* ¶ 11; Dominguez Decl. ¶ 10.

Defendants argue that "[the named] Plaintiff relies almost exclusively on his purported

observations and conversations with similarly situated employees," that he "cannot know typical

hours and payment practices for workers assigned to different work crews at different projects,"

and that he fails to

> allege that the potential opt-in plaintiffs identified in his declaration are the same
> that he alleges he personally observed: (i) performing similar tasks or
> assignments; (ii) assigned to the same project; (iii) working a similar schedule or
> similar hours; or (iv) failing to receive overtime compensation for hours worked
> beyond forty hours per week.

Def. Opp. at 11.  But contrary to Defendants' arguments, Plaintiffs did what the law requires at

this stage.  They identified employees whom they personally observed performing similar duties,

with whom they discussed their hourly rate of pay, method of compensation, and lack of

overtime pay.  *See* Pl. Mem. at 5; Richards Decl. ¶ 9–12; Dominguez Decl. ¶ 8–9.  Taken

together, these facts support an inference that Defendants had "a common policy or plan that

violated the law;" that is adequate to make the "modest factual showing" required at this stage.

*Myers*, 624 F.3d at 555.

Defendants further argue that statements in Plaintiffs' declarations undermine or

contradict the allegations in the complaint.  Def. Opp. at 10.  This argument, however, is, better

suited for a motion to dismiss, not an opposition to conditional certification.  *See Jeong Woo Kim*

*v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013) ("[I]f the plaintiff's allegations

are sufficient on their face to support conditional certification, a defendant may not defeat the plaintiff's motion by presenting conflicting factual assertions."); *see also Colon v. Major Perry St. Corp.*, 2013 WL 3328223, at *5 (S.D.N.Y. July 2, 2013) ("This initial step [of conditional certification], in other words, is not the place to scrutinize possible factual variations between plaintiffs.").[3]

In short, the Court is persuaded that Plaintiffs and other members of the putative collective may be similarly situated.  As a result, their motion for conditional certification of a collective is granted.

## III.    The Proposed Notice and Reminder Notice Are Fair and Appropriate

Plaintiffs propose notifying members of the putative collective via mail, e-mail, and text message, which will include a link to Plaintiffs' counsel's website.  Pl. Mem. at 19–22. Although a revision to the scope of the class is required, the proposed notice is generally appropriate.  *See* Duffy Decl., Ex. 4 (Dkt. 20-4).  The Court also finds that the proposed methods of notice are appropriate in light of Defendants' reportedly high turnover rate and frequent use of text messages to communicate with their employees.  *See* Pl. Mem. at 20–21.  Plaintiffs' request to send a 30-day reminder notice via e-mail and text message is also granted.  *See Mei Rong Du v. Dingxiang Inc.*, 2020 WL 7404984, at *11 (S.D.N.Y. Dec. 17, 2020) ("The standard opt-in period in this Circuit, following conditional certification, is 60 days.") (citation omitted); *see also Douglas v. Anthem Prods., LLC*, 2019 WL 78988, at *5 (S.D.N.Y. Jan. 2, 2019).

Plaintiffs propose to provide notice to all "non-managerial employees who worked for Defendants as a laborer, mechanic, or in another similar position, at any time between August 5,

---

[3]    Likewise, the Court will not consider the declarations appended to Defendants' opposition brief, *see* Dkts. 23–24, as Defendants "may not defeat a court's determination that Plaintiffs are similarly situated by submitting their own affidavits," *Colon v. Major Perry St. Corp.*, 2013 WL 3328223, at *5 (S.D.N.Y. July 2, 2013).

2018, and the present." Duffy Decl., Ex. 4. Defendants argue that only "laborers" should receive notice. *See* Def. Opp. at 13–14. The Court is persuaded that notice is appropriate for "non-managerial laborers and mechanics;" Plaintiffs have not, however, provided the Court with any information to support the argument that any category of employee other than "laborer" or "mechanic" may be similarly situated. The Court therefore restricts the scope of the putative class to "non-managerial laborers or mechanics." *See, e.g.*, *Valero v. RNC Industries, LLC*, 314 F.R.D. 61, 71 (E.D.N.Y. 2016) ("[I]t would be inappropriate at this stage to include all non-managerial employees in a class definition where the evidence submitted encompasses only those employees who performed work as laborers."); *Ruggles v. Wellpoint, Inc.*, 591 F. Supp. 2d 150, 165 (N.D.N.Y. 2008) (ordering that the class of potential opt-in plaintiffs "shall not included [sic] 'any other similar position'").

Defendants further argue that a three-year lookback period from the date of the complaint is improper because the statute of limitations for FLSA actions begins on the date that conditional certification is granted. Def. Opp. at 12–13. Whether tolling is appropriate in this case is a decision to be made at a later date and on an individualized basis; in any event, courts in this circuit "routinely calculate the notice period from the date on which the lawsuit was filed (not the date of conditional certification), 'with the understanding that challenges to the timeliness of individual plaintiff's actions will be entertained at a later date.'" *Mei Rong Du*, 2020 WL 7404984, at *11 (quoting *Bittencourt v. Ferrara Bakery & Café, Inc.*, 310 F.R.D. 106, 116–17 (S.D.N.Y. 2015)). The Court therefore declines to decide whether tolling is appropriate at this time, and grants Plaintiffs' request to provide notice and reminder notices to members of the putative class who worked for Defendants at any time beginning on August 5, 2018.

Finally, the Court declines to adopt Defendants' proposed amendments to the notice.

First, there is no legal requirement to include Defendants' counsel's contact information, and the

Court sees no basis to order Plaintiffs to provide it.  Although some courts have concluded that

such information is appropriate, this Court finds that providing Defendants' counsel's contact

information risks confusion or even discouragement of a potential putative plaintiff to join the

action, which is counter to the FLSA's purpose.  *See, e.g.*, *Filho v. OTG Mgmt., LLC*, 2021 WL

1191817, at *7 (S.D.N.Y. Mar. 30, 2021) ("The Court is not persuaded that the possibility

defense counsel can provide unique information to prospective plaintiffs outweighs the risk of

confusion.").  The Court further finds that the disclosure of Plaintiffs' counsel's fee arrangement

is sufficient, and a disclaimer about retaliation is entirely appropriate.  The Court otherwise

rejects Defendants' objections to the proposed notice.

In light of the Court's conclusion as to the scope of the putative class, the Court orders

Plaintiffs to amend the proposed notice to remove the "others similarly situated" language.[4]

## IV.    Prompt Disclosure of Potential Collective Action Members Is Warranted

In order to disseminate the notice and reminder notice, Plaintiffs request that Defendants

provide within fourteen days the names and contact information of all potential collective action

members who worked for Defendants at any point from August 5, 2018, to the present.  Pl. Mem.

at 18.  Defendants do not oppose this timeframe for disclosure.  The Court therefore grants

Plaintiffs' request.  *See Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y.

2016) ("'Courts in this District commonly grant requests for the production of names, mailing

addresses, e-mail addresses, telephone numbers, and dates of employment in connection with the

---

[4]      Plaintiff must also update the notice to include the new party Defendant, Demari Services, Inc., to the
proposed notice documents.  *See supra* n.2.

conditional certification of a FLSA collective action.'") (quoting *Martin v. Sprint/United Mgmt. Co.*, 2016 WL 30334, at *19–20 (S.D.N.Y. Jan. 4, 2016)).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional class certification is GRANTED in part and DENIED in part.  By no later than **July 14, 2022,** Defendants are directed to disclose the names, mailing addresses, e-mail addresses, and phone numbers of all non-managerial laborers and mechanics who have been employed by any Defendant at any point on or after August 5, 2018.  The Clerk of Court is respectfully directed to close the open motion at docket entry 18.

**SO ORDERED.**

**Date:  July 1, 2022**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**